SMITH v. MILLIKEN BROS., Inc.

(Supreme Court, Appellate Division, Second Department.  June 4, 1909.)

Appeal from Trial Term, Richmond County.

Action by James Smith against Milliken Bros., Incorporated. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

William L. Kiefer, for appellant.
Thomas J. O'Neill (John J. Welsh, on the brief), for respondent.

PER CURIAM.  Judgment and order affirmed, with costs.

WOODWARD, J. (dissenting).  On the 1st day of February, 1907, the plaintiff, with Eugene A. Miller, Cresson E. Smith, and Fred Evans, was engaged at the defendant's plant at Mariner's Harbor, Staten Island, in adjusting the rollers of a straightening machine, designed to straighten steel bars. The machine was new, and the work under way was fitting the machine to perform its work. It had never been used, except in the experimental operations necessary in the adjustment. The defendant's plant was under the superintendence of one Haus, and Eugene A. Miller is described as being the foreman of the finishing end, with C. E. Smith as his assistant. Miller is said to have hired the plaintiff, and to have told him to obey C. E. Smith, and on the day of the accident the latter told plaintiff to get a wrench and go around on top of certain large cogwheels and reach over and screw in a bolt to shift one of the rollers a little, as it was not straightening the beams right. Miller stood at the lever with which the machine was started. C. E. Smith was on top of the machine, and the plaintiff went to the place where the bolt was to be turned, and while engaged in this work, and while standing upon the exposed cogs, he heard C. E. Smith say, "All right, Miller; go ahead," and before he could get off from the cogs the machine started, and the plaintiff's foot was caught and crushed between the cogwheels, and for these injuries he has a verdict of $6,000. The negligence complained of, and for which the plaintiff has a verdict (for the court refused to permit the jury to pass upon the fact that the machinery was not guarded as required by the labor law), is that of C. E. Smith, the assistant foreman, in directing Miller to start the machine while the plaintiff was in a dangerous position, or of Miller, the foreman of the finishing end, in starting the

machine without being in a position to see the plaintiff or knowing that he was safe; and this upon the theory that these men were performing the duties of a superintendent, within the meaning of that term as used in the employer's liability act. Laws 1902, p. 1748, c. 600. The defendant appeals from the judgment, and from an order denying a motion for a new trial.

The judgment and order must be reversed. If there is anything that is clear it is that neither C. E. Smith nor Miller were superintendents, or engaged in acts of superintendence, in the work under way when this accident occurred. Four men were engaged in a common occupation of getting this machine in working order. They were turning up a bolt here, loosening one there, and trying, after each adjustment, to see if the machine would properly perform the work, and the act of starting the machine for such trials, or of directing that it be started, was no more an act of superintendence than the act of the plaintiff in turning the bolt. It was merely a detail of the work, in which all four of these men were engaged, and which the master could properly delegate to any competent fellow servant. Certainly it was not the duty of the master, nor of a superintendent, to stand over this machine and direct the starting of the same every time it was to be tried to see if it was doing its work correctly, and unless there was such a duty the mere fact that one or two of the four men had some superior authority does not make the master liable for their errors in the performance of a detail of the work. The negligence, if there was negligence, was that of C. E. Smith, who was acting merely as a signal man. He was concededly lower in authority than Miller, and yet under the plaintiff's theory he was giving orders to the latter. The truth is, however, that C. E. Smith was not giving orders. There was merely a natural operation of the law of selection. The four men engaged in getting the machine ready for work were co-operating. One of them said to the plaintiff to turn up a certain bolt, and when it was supposed this had been done the word was given to another to start the machine to see if the turning of the bolt had accomplished what was desired, and the plaintiff was injured, either because of his own negligence or the negligence of a fellow servant, for which the master is not liable, either at common law or under the employer's liability act.

Indeed, it is very doubtful if the complaint sets out a cause of action for the negligence of a superintendent. The allegation of the complaint is that:

The "defendant's foreman having and exercising superintendence over and in connection with this plaintiff negligently and carelessly conducted himself in connection with said acts of superintendence, and negligently and without warning started the machine in connection with which this plaintiff was working," etc.

The statute says nothing about one having or exercising superintendence over an individual. It gives a cause of action where by "reason of the negligence of any person in the service of the employer intrusted with and exercising superintendence whose sole or principal duty is that of superintendence, or in the absence of such superintendent, of any person acting as superintendent with the authority or consent of such employer," which obviously refers to one who has the actual

charge of the general work, and not a mere foreman, who is given immediate charge of men, and who works with them in the performance of the details of the work. There is no allegation that either Smith or Miller were superintendents, or that the superintendent was absent and that either of them was engaged in superintendence with the authority or consent of the defendant, nor does the evidence disclose any facts from which this inference may properly be drawn.

The conclusion which I have reached makes it unnecessary to discuss the sufficiency of the notice under the employer's liability act, or the exceptions taken to the refusal of the learned court to charge certain requests of the defendant.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.

BURR, J., concurs.